Nash, J.
 

 The answer fully meets
 
 the
 
 allegations
 
 oí the
 
 plaintiffs bill. The deposition
 
 of
 
 McKen, who drew the deed
 
 of
 
 conveyance, states, that the deed was drawn for the absolute conveyance of the land by the directions of the parties; and that it was read over to the plaintiff, explained to him, and that he was told it conveyed to the defendant, absolutely, all his interest in the land : that, before the deed was drawn, the plaintiff proposed to the defendant to mortgage the land to him as security for the debt; and that the defendant refused to take it upon that condition, He denies, that the plaintiff wished that the deed should express upon its- face any conditions, and that any conditions were mentioned of that character, or any conditions at all. According to this testimony, and it is not contradicted, the plaintiff executed the deed with a.full knowledge of its contents — that it was absolute, and conveyed to the defendant all the interest he had in the land. Solemn instruments between parties, able to contract, must in the presumption of every Court be taken to declare the truth in regard to the subject-matter of their contract, un- , til-error, mistake, or imposition be shown.- And where the conveyance is absolute on its face, it- must be held to be absolute, until strong and clear proof be shown to the con
 
 *249
 
 trary. The testimony of McKen is corroborated by the bill. It states distinctly that the plantiff executed the conveyance, knowing it was an absolute deed ; for, it states, that the plaintiff wished the conditions to be inserted in the face of the deed, This, it is true, is denied hy the writer;
 
 Lewis
 
 v
 
 Owen,
 
 1 Ire. Eq., 290,
 
 King
 
 v
 
 Kincey,
 
 1 Do. 187, There is no evidence of any inadequacy of price, which sometimes influences the action of a Court of Equity in these matters. The land was held by the plaintiff in right' of his wife, and the whole amounted to but seventy five acres. To turn an absolute deed into a mortgage on that ground, the price must be grossly inadequate;
 
 McLaurin
 
 v
 
 Wright, 2
 
 Ire. Eq., 94. It there was satisfactory evidence of a previous agreement for a mortgage, the Court could not declare the deed here such, in the absence of all evidence of imposidon, and where it is shown, that, at the time of its execution, the plaintiff knew he was executing an absolute deed.
 

 Per Curiam. Bill dismissed with costs..